AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 2 0 2018

**MATTHEW J. DYKMAN**
CLERK

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

3509 Sierra Rica Drive NW,
A tan brick house with white front door and white garage
door

)
)
)
)
)
)

Case No. 19 mr 248

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(3) | Unlawful drug user in possession of a firearm |

The application is based on these facts:
See Attachment C

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Samuel Supnick, Special Agent ATF
*Printed name and title*

**Electronically submitted and telephonically sworn before me.**

Date: 10:30 PM, Mar 20, 2018

_____
*Karen B Molzen*

City and state: **Albuquerque NM**

Karen B. Molzen, United States Magistrate Judge
*Printed name and title*

**Attachment A**

**DESCRIPTION OF PREMISES TO BE SEARCHED**

3509 Sierra Rica Drive NW, Albuquerque, New Mexico is a tan brick house with a white front door and white garage door. The residence has light brown trim with a darker brown roof. The number "3509" is displayed prominently in relief on a white stone affixed to the front of the residence adjacent to the garage door. A brown artistic rendering of a lizard is affixed to the front of the residence above the garage door.

The outbuildings of 3509 Sierra Rica Drive NW, Albuquerque, New Mexico, to include but not limited to a large wooden structure with white trim located in the backyard of the residence and a shed located in the backyard of the residence.

The vehicles and trailers parked on the curtilage of the residence and immediately adjacent to it, to include a white Ford F-350 truck with rear license plate "LAS CRUCES," a dark grey Isuzu i-290 truck with no rear license plate, a grey Infiniti Q35 sedan bearing New Mexico rear license plate MXB830, a white trailer with Arizona rear tag S-59271.

See below pictures.















**Attachment B**

**DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED**

1. A Sig Sauer model P238, .380 ACP caliber semiautomatic pistol, bearing serial number 27B327493.

2. A Ruger model 22/45, .22 LR caliber semiautomatic pistol bearing serial number 391-41165.

3. Any other firearms.

4. Ammunition, and any documents indicating the possession, sale, receipt, purchase or barter for items in exchange for any firearms, specifically ammunition packaging, containers, labels, receipts, and other items pertaining to the possession of firearms, including gun cases, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of persons in possession of firearms, and receipts for the purchase and/or repair of all these items.

5. Safes, strong boxes, and/or other secure receptacles for the maintenance of firearms and/or controlled substances. Books, records, and any keys or other evidence of the existence and usage of any lockers, safety deposit boxes or other secure receptacles situated elsewhere than at defendant's property.

6. Any indicia of the illegal use of drugs or controlled substances, to include paraphernalia, storage containers, and devices to aid in the consumption or ingestion of drugs or controlled substances.

7. Any illegal drugs, controlled substances, or illicit narcotics.



**Attachment C**

**AFFIDAVIT FOR SEARCH WARRANT**

1.  I, Samuel Supnick, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been employed with ATF since January of 2017. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18, 21 and 26, United States Code.

3.  Through the ATF, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, as well as the Special Agent Basic Training Program at the ATF National Academy. During these programs, I received instruction in and practiced the investigation of violations of federal firearms, explosives, and arson statutes. Prior to employment with ATF, I served for three and a half years as a sworn local police officer. My training and experience has involved, among other things: (1) the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the purchase, possession, distribution, and transportation of firearms and of the laundering and concealment of proceeds of firearms and drug trafficking; (2) surveillance; (3) analysis and processing of documentary, electronic, and physical evidence; (4) the legal and illegal purchase of firearms; (5) the execution of arrest and search warrants seeking firearms and narcotics (6) and firearms trafficking.

4.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**PROBABLE CAUSE**

5.  On March 20, 2018, your Affiant was contacted by the employee of a Federal Firearms Licensee (FFL), who advised that on or about March 3, 2018, Raymond SANCHEZ, who was later to be determined an admitted user of methamphetamine, acquired two firearms from that FFL after passing a background check. According to copies of FFL records received by your Affiant, the firearms purchased by SANCHEZ were a Sig Sauer model P238, .380 ACP caliber semiautomatic pistol, bearing serial number 27B327493 and a Ruger model 22/45, .22 LR caliber semiautomatic pistol bearing serial number 391-41165. It is known to your Affiant that none of these firearms are manufactured in the State of New Mexico and were transported to the State of New Mexico; therefore affecting interstate commerce. The FFL employee advised that on or about February 27, 2018, when SANCHEZ applied to purchase the firearm, SANCHEZ appeared disgruntled and to have been physically beaten.

6.  The FFL employee advised that on or about March 10, 2018, SANCHEZ attempted to purchase another firearm from that business. Pursuant to a background check performed

by the Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS), SANCHEZ was deemed to be prohibited from firearms ownership under Title 18 U.S.C. 922(g)(3). SANCHEZ again attempted to purchase a firearm on or about March 15, 2018, and was again denied pursuant to an FBI NICS background check. The FFL informed SANCHEZ that he had again been denied, and SANCHEZ made numerous false claims and anti-government statements. The FFL employee contacted your Affiant as he was concerned that SANCHEZ had recently purchased firearms, but then been denied from purchasing them twice and acted erratically.

7. During the afternoon of March 20, 2018, your Affiant traveled to the listed residence of Raymond SANCHEZ, located at 3509 Sierra Rica Drive Northwest, Albuquerque, New Mexico. Your Affiant knocked on the door of that address, but there was no response. Your Affiant then contacted SANCHEZ via telephone. Your Affiant advised SANCHEZ that he was a Special Agent with ATF, and that SANCHEZ was prohibited from possessing firearms. SANCHEZ stated that he was not prohibited from possessing firearms, and that he was not possessing any firearms as they were in his safe. Your Affiant requested to meet with SANCHEZ to further discuss the situation. SANCHEZ advised that he was not at home. SANCHEZ advised your Affiant to text him your Affiant's information and that he would contact your Affiant at a later time. Your Affiant advised SANCHEZ that the matter was relatively urgent, and SANCHEZ hung up the phone on your Affiant. SANCHEZ did not respond to any follow up phone calls made by your Affiant. An ATF agent has maintained surveillance at SANCHEZ's residence since your Affiant initially attempted to make contact with SANCHEZ.

8. Your Affiant spoke with several neighbors of SANCHEZ, who advised that SANCHEZ does reside at 3509 Sierra Rica Drive Northwest.

9. Your Affiant spoke with Detective (Det.) Schwartz of the Bernalillo County Sheriff's Office (BCSO). Det. Schwartz advised that on or about November 1, 2017, a State of New Mexico search warrant was served at 3509 Sierra Rica Drive Northwest. SANCHEZ, who was residing alone at that address at the time of the warrant's execution, was detained. Det. Schwartz spoke with SANCHEZ, who advised that he was a user of methamphetamine. SANCHEZ stated that he shares methamphetamine with other people like people share beer. SANCHEZ again advised Det. Schwartz that he was a user of methamphetamine after being advised of his rights per Miranda. During the execution of the search warrant, approximately 15.5 grams of methamphetamine were recovered from SANCHEZ's residence, in addition to between thirty (30) and forty (40) firearms. Det. Schwartz advised that firearms were recovered from a safe in SANCHEZ's house.

10. As ATF agents were conducting surveillance at SANCHEZ's residence, SANCHEZ arrived home. SANCHEZ provided ATF SA Haanes with verbal consent to search his residence. SANCHEZ informed SA Haanes that approximately half an ounce of methamphetamine and a non-functional firearm were in his residence.

11. Your Affiant respectfully requests permission to search 3509 Sierra Rica Drive NW, all out-buildings, and all vehicles on its curtilage during the nighttime, as law enforcement

has already made contact with SANCHEZ at that address and he is currently detained there. Your Affiant opines that it would cause undue inconvenience to SANCHEZ should law enforcement agents wait until 6:00 AM to search his residence. Additionally, SANCHEZ is aware of the intentions of law enforcement to seize any firearms or illicit narcotics he may be possessing and could attempt to dispose of these items should a search of his residence and related property be postponed.

12. Based on the above facts, your Affiant respectfully requests permission to search the premises of 3509 Sierra Rica Drive NW, Albuquerque, New Mexico, as well as any out-buildings or vehicles that may be on the curtilage of 3509 Sierra Rica NW, Albuquerque, New Mexico. Your Affiant opines that probable cause exists that firearms and illicit narcotics, as well as other evidence of the possession of a firearm that has traveled in interstate commerce by a user of illegal drugs, in violation of Title 18 U.S.C. 922(g)(3) are present inside 3509 Sierra Rica Drive NW, Albuquerque, New Mexico, any out-buildings and any vehicles that may be on its curtilage.

Respectfully submitted,

Samuel Supnick
Special Agent
ATF

**Electronically submitted and telephonically sworn before me.**

UNITED STATES MAGISTRATE JUDGE